IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT (JACKSON)

TLS MANAGEMENT & MARKETING SERVICES, LLC
d/b/a TAX LAW SOLUTIONS, LLC                                              PLAINTIFF

VS.                                                          CASE NO. 14-881-CWR-FKB

MARDIS FINANCIAL SERVICES, INC.,
CAPITAL PRESERVATION SERVICES, LLC
AND J. TODD MARDIS                                                       DEFENDANTS

### DEFENDANTS' MOTION TO QUASH SUBPOENA AND FOR SANCTIONS

Defendants Mardis Financial Services, Inc. ("MFS"), Capital Preservation Services, LLC ("CPS") and J. Todd Mardis ("Mardis"), hereby file this *Motion to Quash Subpoena and for Sanctions*, as follows:

1.    TLS' abusive litigation conduct continues.

2.    TLS' lawyers issued and served a subpoena on BankPlus on November 4, 2016, seeking Defendants' account information. *See* Exhibit 1. This was done in blatant violation of the advance notice requirement of Fed.R.Civ.P. 45(a)(4). Defendants' and their counsel learned about the subpoena only because the bank mailed a courtesy copy after being served.[1]

3.    When the subpoena was secretly served on BankPlus, TLS' lawyer knew that Defendants had asserted objections to specific discovery requests seeking their financial and banking records. Indeed, the discoverability of this information is currently before the Court in the context of TLS' second motion to compel. *See* Dkt. No. 82. TLS' lawyers secretly

---

[1] As part of its "scorched-earth" litigation tactics, TLS has served 138 subpoenas on non-parties. This is precisely why the Court should enter a stay of discovery as requested by Defendants until the threshold motions have been ruled upon.

served the subpoena on BankPlus in an obvious attempt to by-pass Defendants' objections and the Court's consideration of the same. The information sought by TLS is not relevant to any issue in the case, and its efforts to pry into Defendants' finances are solely for the purposes of harassment.

4. The Court should quash the subpoena served on BankPlus for willful non-compliance with Rule 45 and because it seeks information that is not remotely relevant to the claims and defenses in the case.

5. The Court should also impose sanctions against the lawyers who were involved in serving the subpoena on BankPlus for blatantly violating Rule 45(a)(4). The Court should revoke the lawyer's pro hac vice admission and require the lawyer to pay Defendants' attorneys fees.[2] The Court should likewise require TLS' lawyers to disclose any other secret subpoenas that have been served.

WHEREFORE premises considered, Defendants respectfully request that the Court enter an order quashing the subpoena duces tecum and imposing sanctions against TLS' lawyers.

---

[2] TLS is represented by five (5) attorneys: two (2) local attorneys, Jim Streetman and Leah Ledford with the law firm of Scott, Sullivan, Streetman & Fox P.C. and three (3) out-of-state attorneys admitted pro hac vice with the law firm of Locke Lord LLP in Chicago. Through another lawyer who is not even admitted pro hac vice, TLS claims that the failure to comply with Rule 45 regarding the service of the BankPlus subpoena in this case was a mere "oversight." *See* Exhibit 2. However, this excuse is highly suspicious. The timing and circumstances of this subpoena strongly suggests bad faith in that TLS wanted to keep this particular subpoena a secret and for BankPlus to respond before Defendants had any opportunity to object. In any event, failing to comply the federal rules though the inadvertence of a non-admitted lawyer is hardly a legitimate excuse.

RESPECTFULLY SUBMITTED, this the 10th day of November, 2016.

          **MARDIS FINANCIAL SERVICES, INC., CAPITAL PRESERVATION SERVICES, LLC AND J. TODD MARDIS**

          By:   */s/ W. Thomas McCraney, III*
                W. THOMAS McCRANEY, III
                Attorney for Defendants

OF COUNSEL:

W. Thomas McCraney, III (MB# 10171)
MCCRANEY MONTAGNET QUIN & NOBLE, PLLC
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:   (601) 707-5725
Facsimile:    (601) 510-2939

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

This the 10th day of November, 2016.

          */s/ W. Thomas McCraney, III*
          W. Thomas McCraney, III