**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **TLS MANAGEMENT & MARKETING SERVICES, LLC** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 3:14-CV-00881-CWR-LRA** |
| **MARDIS FINANCIAL SERVICES, INC., ET AL.** | **DEFENDANTS** |

**ORDER**

Plaintiff filed this case in November 2014. After more than three years of litigation, Plaintiff asked the Court to enter a default judgment against Defendants under Rule 37 for destroying evidence. The Court granted that request in an Order, which also denied a pair of competing discovery motions from the parties.

Defendants filed a motion for reconsideration, making two objections to that Order. First, they say the Order's language was so "pejorative and disparaging" that the Court must be disqualified from further proceedings. Second, they say the Order's reasoning was so "clearly erroneous" that the Court must reconsider and reverse its decision to enter a default judgment and deny the relevant discovery motions.[1] The Court held a hearing to consider both objections; now, their merits will be discussed in turn.

**1. Should The Court Disqualify Itself?**

No.

The Fifth Circuit says "[r]emoval of a judge is a rare and disfavored order."[2] In considering such a request, the Supreme Court counsels that "judicial rulings alone almost never constitute a valid basis" for disqualification; only when a ruling "display[s] a deep-seated

---
[1] Docket No. 189; *see also* Docket No. 190.
[2] *U.S. v. Bowen*, 799 F.3d 336, 359 (5th Cir. 2015).

favoritism or antagonism that would make fair judgment impossible" is disqualification necessary.[3] For example, if a ruling advocates "prejudic[e] against the German Americans" because their "hearts are reeking with disloyalty," it reflects disqualifying antagonism.[4] Defendants say the bolded text in the following portion of the Order is similarly disqualifying:

> There is no doubt [evidentiary] destruction happened, and that Defendants caused it. Todd Mardis, Kim Mardis, and Donna Carter all swore under oath that this destruction did not happen, and that they did not cause it. **They lied.** . . . Defendants permanently erased data using [software] in the face of an ongoing lawsuit. Combined with the other evidence of bad faith data destruction, **this shows Defendants to be egregious wrongdoers.** . . . Defendants knew they had data relevant to this lawsuit, and spent years resisting its discovery. Resistance failing, they systematically destroyed places that data was stored. Defendants took extraordinary steps to disguise that destruction, including lying under oath and permanently erasing data. This is more than ordinary wrongdoing. It is unacceptable. **It is an assault on this Court's ability to find truth, to do justice.**[5]

These statements may sting. They may paint a harsh picture of Defendants, but that picture reflects the evidence, not antagonism. The Court cannot be disqualified for speaking the truth "or for us[ing] colorful language in its written opinion[.]"[6] Judges are free to call the frivolous "filing of numerous actions" a "campaign of terror,"[7] describe the conduct of prosecutors as "grotesque"[8] and a "brazen abuse of authority,"[9] and label a person guilty of sexual assault a "predator" who is "frightening."[10] Likewise, the Court can call Defendants' acts what they are: egregious wrongs, lies, and an assault on justice. The Court is not persuaded its

---

[3] *Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *see also Stringer v. Astrue*, 252 F. App'x 645, 648 (5th Cir. 2007).
[4] *Berger v. United States*, 255 U.S. 22, 28 (*quoted in Liteky*, 510 U.S. at 555).
[5] Docket No. 195 (*citing* Docket No. 187).
[6] *Bowen*, 799 F.3d at 359.
[7] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005).
[8] *U. S. v. Bowen*, 969 F.Supp.2d 546, 551 (E.D. La. 2013), *aff'd,* 799 F.3d 336 (5th Cir. 2015)
[9] *Id*.
[10] *Mendez v. Quarterman*, 625 F. Supp. 2d 415, 425 (S.D. Tex. 2009).

words "might reasonably cause an objective observer to question [its] impartiality,"[11] especially given the context of the findings made by the Court while evaluating the evidence.

### 2. Should The Court Reconsider Its Order?

No, with one exception.

Reconsideration is "only warranted when the proponent shows a need to correct a clear error of law, present newly discovered evidence, or consider an intervening change in controlling law."[12] The rule is not designed to give an unhappy litigant one last chance to sway the judge or give him the opportunity to "re-debate the merits of a particular motion."[13] Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider."[14] Defendants' motion to reconsider does not offer new evidence or law. Instead, it makes three arguments alleging clear error.

The first, that imposing default judgment would be a due process violation, was not made earlier. Therefore, it "cannot be used" on a motion for reconsideration.[15] The second argument, that the Order included findings of fact that were "clear error," is wrong. Defendants' brief merely suggests those findings *could* be incorrect. That is not enough. "Clear-error review only requires a factual finding to be plausible in light of the record as a whole . . . a finding of fact is clearly erroneous only if a review of all the evidence leaves [a court] with the definite and firm conviction that a mistake has been committed."[16] The Order's findings are plausible in light of

---

[11] *Johnson v. Sawyer*, 120 F.3d 1307, 1333 (5th Cir. 1997).
[12] *Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 884 (5th Cir. 2016).
[13] *W.C. Bulley v. Fidelity Financial Serv. of Miss., Inc.*, No. 3:99-CV-522BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept.8, 2000).
[14] *Id*.
[15] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990); *Mississippi Farm Bureau Cas. Ins. Co. v. Amerisure Ins. Co*., 3:11-CV-706-CWR-FKB, 2013 WL 773146, at *2 (S. D. Miss. Feb. 28, 2013).
[16] *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (internal citations and quotation marks omitted).

the whole record, and this Court has no definite and firm conviction those findings contained a mistake.

The third argument, that the Court's denial of a pair of competing discovery motions was "confusing and inconsistent," has merit. Denying both motions – one to compel discovery of Plaintiff's financial data,[17] the other to bar that discovery[18] – was confusing. The parties deserve clarification.

The Order established Defendants' liability on all claims. Plaintiff now pursues damages under just two of them: breach of contract and Mississippi trade secrets law.[19] The breach of contract claim involves two agreements, each of which measures its damages as recovery of the breaching party's ill-gotten revenues.[20] On the trade secrets claim, damages "can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation."[21] Therefore, Plaintiff can obtain from Defendants *both* actual damages and disgorgement damages. Plaintiff has chosen to pursue only the latter.[22]

Defendants can only "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[23] Defendants have not explained why the information they seek to compel, financial data about Plaintiff's business, is relevant to the disgorgement damages Plaintiff has chosen to pursue (rather than the actual damages Plaintiff has abandoned). For that reason, in denying Defendants' motion to compel, the Court should have granted Plaintiff's motion to quash.

---

[17] Docket No. 170.
[18] Docket No. 157.
[19] *See* Plaintiff's Expert Report on Damages at Docket No. 143-3 (filed under seal).
[20] *Id.* at 24-27.
[21] Miss. Code § 75-26-7.
[22] *See* Plaintiff's Expert Report on Damages.
[23] Fed. R. Civ. P. 26(b)(1).

4

The Court will close with the words of Judge Keith Starrett of this court. Though Defendants "clearly disagree[] with the Court's ruling, the previous Order thoroughly analyzed arguments presented and applied the correct standard . . . the correct method of challenging it is through an appeal to the Fifth Circuit, *not* a motion for reconsideration."[24]

Therefore, Defendants' motion to disqualify is DENIED. Defendants' motion to reconsider is also DENIED – except for the part regarding Plaintiff's motion to quash. That part, and Plaintiff's motion to quash, are GRANTED.

* * *

Defendants also filed motions for (1) a continuance to give time for "proper consideration" of its motion to reconsider,[25] (2) a stay "so that the parties can receive guidance from the Court,"[26] and (3) leave to file exhibits regarding their motion to reconsider with restricted access.[27] These motions are DENIED AS MOOT in light of this order and the earlier, related hearing on these motions.

Plaintiff has filed a motion *in limine* to exclude all evidence from Defendants "except that pertaining to damages" and bar Defendants from giving "any expert testimony on the issue of damages seeking to contradict" Plaintiff's own expert.[28] Defendants have not timely designated any expert or submit an expert report on damages. Given this, and the default judgment itself, Plaintiff's motion is GRANTED.

---

[24] *Borgognoni v. City of Hattiesburg, Mississippi*, No. 2:13-CV-241-KS-MTP, 2016 WL 3951163, at *3 (S.D. Miss. July 20, 2016) (internal citations omitted) (emphasis in original).
[25] Docket No. 193.
[26] Docket No. 196.
[27] Docket No. 191.
[28] Docket No. 188.

**SO ORDERED**, this the 22nd day of March, 2018.

                                                                s/ Carlton W. Reeves  
                                                                UNITED STATES DISTRICT JUDGE