**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION (JACKSON)**

TLS MANAGEMENT & MARKETING SERVICES,
LLC d/b/a TAX LAW SOLUTIONS, LLC

                             **PLAINTIFF**

v.                                **CAUSE NO: 3:14-cv-00881-CWR-LRA**

MARDIS FINANCIAL SERVICES, INC.,
CAPITAL PRESERVATION SERVICES, LLC,
AND J. TODD MARDIS                       **DEFENDANTS**

### PLAINTIFF'S EMERGENCY MOTION COMPELLING DEFENDANTS' COMPLIANCE WITH PRIOR ORDER OR BARRING EVIDENCE

Plaintiff, TLS Management & Marketing Services, LLC d/b/a Tax Law Solutions, LLC, hereby submits its Emergency Motion Compelling Defendants' Compliance with ECF Doc. 106, or barring evidence, as follows:

1.    Plaintiff is required to bring this motion, on an emergency basis, because the Defendants continue to unjustifiably refuse to produce, or cooperate in timely producing, Mr. Mardis' complete federal and state tax returns from 2014 to present. On December 6, 2016, nearly 18 months ago, this Court through Magistrate Judge Anderson ordered Defendants to make these returns available at the trial in this matter. (See, **Ex. A** hereto, ECF Doc. 106, ¶3E).

2.    As this Court is aware, the damages-only trial in this matter began nearly two months ago. Plaintiff has presented its case subject to any rebuttal and the Court continued the trial until May 30, 2018 for the Defendants to proceed. From an exhibit that Defendants indicated at trial an intent to introduce (e.g., D-17, a "net worth statement"), they appear to plan to assert a net worth argument (albeit an inherently insufficient one in the absence of any expert testimony) in an attempt to reduce the amount of punitive damages they might be assessed in this matter. If

1

the Defendants were to attempt to present evidence as to their net worth, such attempt necessarily renders Mr. Mardis' tax returns appropriate and in fact necessary for cross-examination and/or rebuttal. Without these tax returns, there is no way to see and cross-reference, for example, the existence of interest paying bank accounts, dividend paying stocks, names of brokerage accounts or firms, listings of activities from investments, and whether in LLC, partnership or individual name, or to test the assertions in the "net worth statement".

3. Accordingly, on May 4, 2018 Plaintiff's counsel wrote to Defendants' counsel as follows:

> Given the "Net Worth" arguments defendants are asserting, we require Mr. Mardis' personal tax returns for tax years 2014-2017, including all addendums/schedules etc. Please provide those in full by May 11 by dropbox. As you may recall Judge Andersen ordered these be made available at the start of trial. Please confirm you can meet this deadline so we don't have to take it up with the Judge.
>
> Thanks.
>
> (See, **Ex. B**, hereto; E-mail chain).

4. Defendants did not initially respond at all to this request, prompting Plaintiff to inquire again on May 8, 2018:

> Can you please confirm you will be providing the below information by COB Friday? Thanks.
>
> *Id*.

5. Defendants' counsel thereafter responded:

> I have not had a chance to consider this request with my clients. Since I was in trial all last week and playing catchup this week, I don't know if I will have an answer by your Friday deadline.
>
> *Id*.

6. Of course, as Judge Anderson had already long ago, in 2016, ordered the returns be available at trial, there should have been nothing to consider with the Defendants with respect to their compliance. The returns were to have already been available. As a result of this lack of substantive response, the Plaintiff advised the Court of the situation by email on May 9, 2018. (See, **Ex. C**, hereto, E-mail chain). In response, Defendants indicated they did not consider this an emergency requiring the Court's intervention and would respond in due course. *Id*.

7. Another week has now passed without further response from the Defendants. Plaintiff has again contacted the Defendants, requesting their position and compliance with the 2016 order, but to no avail. (See, **Ex. B**).

8. To reiterate, Plaintiff first requested this information on August 4, 2016. Defendants refused to produce it, necessitating a discovery motion and argument on the issue which was resolved by Judge Anderson through the aforementioned order finding, among other things, that the returns were compelled to be made available at trial. Defendants have known of the need to produce these returns at trial since December of 2016. Nonetheless, when asked for these returns in preparation for the next stage of this trial (after serving on Plaintiff's counsel the "net worth statement" the day before trial), Defendants professed a need to inquire about whether they could be produced and, nearly two weeks later, have still not responded or provided the documents. This represents an unjustifiable avoidance and contravention of an order of this Court that is now prejudicing the Plaintiff's ability to prepare for the next day of trial scheduled to take place in two weeks on May 30.

9. Notwithstanding the relevance and necessity of this information, the Defendants were already ordered to have it available at trial, there is no justification to refuse to comply or to have forced Plaintiff to have to file the instant motion.

WHEREFORE, given the Court's prior order, the Defendants refusal to cooperate and produce the subject information as previously ordered, the trial in this matter having begun and scheduled to reconvene on May 30, 2018, the Plaintiff respectfully requests the Court to address this matter on an emergency basis and either:

(a) enforce the December 6, 2016 order (ECF Doc. No. 106) compelling the production, by May 24, 2018 at the latest, of complete copies of the subject tax returns (including any schedules); or,

(b) bar the introduction of evidence as to net worth; and,

(c) award Plaintiff its fees and costs incurred to secure this relief.

DATED: May 16, 2018          Respectfully submitted,

**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**

**/s/ Leah N. Ledford**

**Of Counsel for Plaintiff TLS Management & Marketing Services, LLC d/b/a Tax Law Solutions, LLC**

**OF COUNSEL:**
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
James P. Streetman, III (MSB # 7973)
Leah N. Ledford (MSB # 101394)
725 Avignon Drive
Ridgeland, MS 39157
P.O. Box 13847
Jackson, MS 39236-3847
(601) 607-4800 (Telephone)
(601) 607-4801 (Facsimile)
jstreetman@sssf-ms.com
lledford@sssf-ms.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

 **/s/ Leah N. Ledford**